UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ROBERT W. BODENMILLER,

            Plaintiff,

    -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SCOTT COYNE,
Individually, and in his Capacity as Chief Surgeon,
Medical Evaluation Section, Suffolk County Police
Department, and EDWARD STAINKAMP,
Individually, and in his capacity as Commanding
Officer, Medical Evaluation Section, Suffolk
County Police Department, jointly and severally,

            Defendants.

-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-414 (JMA) (ARL)

**FILED**
**CLERK**

11:13 am, Oct 05, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Pending before the Court is the motion to dismiss of defendants County of Suffolk; the

Suffolk County Police Department ("SCPD"); Scott Coyne, individually, and in his capacity as

Chief Surgeon, Medical Evaluation Section, SCPD; and Edward Stainkamp, individually, and in

his capacity as Commanding Officer, Medical Evaluation Section, SCPD, ("collectively

"Defendants"), and the cross-motion of plaintiff Robert W. Bodenmiller ("Plaintiff"), (ECF No.

19), which I referred to Magistrate Judge Lindsay for a report and recommendation.  Judge Lindsay

recommends that the motion to dismiss be granted, in part, and denied, in part, and the motion to

amend be denied without prejudice.  (ECF No. 20.)  Plaintiff filed several objections to the R&R.

(ECF No. 23.)

In reviewing a magistrate judge's report and recommendation, the Court must "make a <u>de</u>

<u>novo</u> determination of those portions of the report or . . . recommendations to which

objection[s][are] made."  28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Judge Lindsay's R&R with respect to her recommendation that all of Plaintiff's claims be dismissed except for his failure to accommodate claims.  The Court, however, will reserve decision on Plaintiff's failure to accommodate claims based on his application regarding filing an amended complaint.

Judge Lindsay recommended that Plaintiff's motion to amend be denied with leave to refile in accordance with the local rules.  The Court adopts this recommendation and affords Plaintiff thirty days to move to amend his complaint in accordance with the Court's local rules.  Should Plaintiff file an amended complaint and Defendants move to dismiss, the Court will address Plaintiff's failure to accommodate claims based on the allegations in the amended complaint.

While the Court is adopting Judge Lindsay's recommendation that Plaintiff's motion for leave to amend be denied without prejudice, the Court is skeptical that Plaintiff can allege plausible, non-conclusory claims of discrimination, retaliation, and Monell liability.  Plaintiff's allegations concerning allegedly similarly situated comparators are patently deficient.  Plaintiff has also failed to allege sufficient details concerning the circumstances of the adverse actions to plausibly suggest discrimination or retaliation.  The Court is also skeptical that Plaintiff can plausibly allege that, under the circumstances here, his accommodation request was reasonable.

Plaintiff is warned that this is likely his final opportunity to submit an amended complaint that alleges plausible claims.

Based on the foregoing, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss and **DENIES** without prejudice Plaintiff's cross-motion to amend.  Plaintiff is afforded thirty days to file a proper motion to amend the complaint that complies with the local rules.

**SO ORDERED.**

Dated: October 5, 2021
          Central Islip, New York


                                                        /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE