```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ROBERT W. BODENMILLER,

                                        Plaintiff,

                -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SCOTT COYNE,
Individually, and in his capacity as Chief Surgeon,
Medical Evaluation Section, Suffolk County Police
Department, and EDWARD STAINKAMP,
Individually, and in his capacity as Commanding
Officer, Medical Evaluation Section, Suffolk County
Police Department, jointly and severally,

                                        Defendants.
----------------------------------------------------------------------X
```

For Online Publication Only

**ORDER**
20-CV-0414 (JMA) (LGD)

FILED
CLERK
7/26/2023 10:49 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

In his January 24, 2020, Complaint, Plaintiff Robert W. Bodenmiller ("Plaintiff") alleged that Defendants County of Suffolk; the Suffolk County Police Department ("SCPD"); Scott Coyne, individually, and in his capacity as Chief Surgeon, Medical Evaluation Section, SCPD; and Edward Stainkamp, individually, and in his capacity as Commanding Officer, Medical Evaluation Section, SCPD ("collectively "Defendants"), discriminated against him in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101, et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (the "Rehabilitation Act"), 42 U.S.C § 1983, and state law.

On November 4, 2020, Defendants filed a motion to dismiss, and Plaintiff filed a cross-motion to amend (ECF No. 19), both of which were referred to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R") on May 25, 2021. (May 25, 2021 Electronic Order.) On August 30, 2021, Magistrate Judge Lindsay issued an R&R wherein she recommended that Defendants' motion to dismiss be granted in part and denied in part, and Plaintiff's motion to

amend be denied without prejudice. (ECF No. 20.) On October 4, 2021, this Court adopted Magistrate Judge Lindsay's R&R with respect to her recommendation that all of Plaintiff's claims be dismissed except for his failure to accommodate claims, upon which the Court reserved decision pending Plaintiff's filing of an amended complaint. (ECF No. 24.) The Court further adopted Magistrate Judge Lindsay's recommendation that Plaintiff's motion to amend be denied with leave to refile in accordance with the local rules, and afforded Plaintiff thirty days to move to amend his complaint in accordance with the Court's local rules.[1] (Id.)

On November 4, 2021, Plaintiff moved to amend the Complaint under Federal Rule of Civil Procedure 15(a), (ECF No. 25), and his motion was automatically referred to Magistrate Judge Lee G. Dunst[2] for an R&R pursuant to the undersigned's Individual Rules. Now before the Court are Plaintiff's objections to Magistrate Judge Dunst's R&R, which recommends that the Court deny Plaintiff's motion to amend in its entirety and dismiss his Complaint with prejudice. (ECF Nos. 36, 38.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Dunst's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the

---

[1] In permitting Plaintiff to seek leave to file an amended Complaint, this Court noted that it was "skeptical that Plaintiff [would] succeed in alleging plausible, non-conclusory claims based on his failure to identify similarly situated comparators, his failure to demonstrate that his accommodation request was reasonable, his failure to allege discriminatory motive or animus, and his failure to plausibly claim that the circumstances surrounding his leave constituted disparate treatment." (ECF No. 24.)

[2] On June 8, 2022, this matter was reassigned from Magistrate Judge Lindsay to Magistrate Judge Lee G. Dunst. (See June 8, 2022 Electronic Order.)

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Dunst's R&R to which there are no objections. Next, the Court turns to the portion of the R&R to which Plaintiff has objected. Specifically, Plaintiff objects to the R&R's recommendations that his claims for: (1) failure to accommodate; (2) disparate treatment; (3) retaliation, as well as those brought pursuant to: (4) Section 1983; and (5) New York State law, would not survive a Rule 12(b)(6) motion to dismiss and are, therefore, all futile. (See ECF Nos. 36, 38.)

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Dunst's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court.

Accordingly, the Court denies Plaintiff's motion to amend in its entirety and dismisses Plaintiff's Complaint with prejudice. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 26, 2023
Central Islip, New York

                                                  /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE